IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER, #224480         *
       Plaintiff,
   v.                                  *     CIVIL ACTION NO. JKB-15-2113

GOVERNOR LARRY HOGAN                    *
       Defendant.
                                     *****

## **MEMORANDUM**

On July 20, 2015, plaintiff Kenneth Daniel Palmer, who is confined at the Eastern Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action for compensatory and punitive damages of $250,000.00 and other miscellaneous relief. ECF No. 1. This represents the eighth civil action filed by Palmer in this court since April of 2015, with three of the cases on the active docket.[1] He names the current Governor of Maryland, Larry Hogan, as defendant and claims that he was falsely held in a state correctional facility beyond his "maximum term of confinement of a finished pair of state convictions." *Id*. Palmer claims that he is being held beyond that date on a parole retake warrant. He further alleges that he has not had any street credits rescinded from him by the Maryland Parole Commission to extend his maximum term of confinement beyond his maximum expiration date of April 28, 2015. He claims that he did not receive his parole revocation hearing until after that expiration date and his right to have a timely parole revocation hearing in sixty days was violated. *Id.* Palmer has filed a motion for leave to proceed in forma pauperis which shall be granted. His complaint against Governor Hogan, shall, however, be dismissed for the failure to state

---

[1] In addition to the instant case, since April 10, 2015, Palmer has filed the following cases: *Palmer v. The Maryland Parole Com'n*, Civil Action No. JKB-15-1068 (D. Md.); *Palmer v. Risko*, Civil Action No. JKB-15-1549 (D. Md.); *Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.); *Palmer v. Maryland Parole Comm'n*, Civil Action No. JKB-15-1668 (D. Md.); *Palmer v. Pate*, Civil Action No. JKB-15-1669 (D. Md.); *Palmer v. Fisher*, Civil Action No. JKB-15-1964 (D. Md.); and *Palmer v. Crowder*, Civil Action No. JKB-15-2050 (D. Md.).

a claim.

Palmer provides no particulars regarding the basis and outcome of his parole violation charge(s). His civil rights claim for damages, which raises challenges to the constitutionality of his incarceration, is not appropriate unless and until his revocation charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His allegation, which is tantamount to a Fourteenth Amendment claim, is barred by the rule announced in *Heck*, as a judgment in Palmer's favor would necessarily imply the invalidity of his criminal detention. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F. 3d 1086, 1087 (10th Cir. 1996). Therefore, in the absence of specific background information regarding Palmer's parole violation charges, a complaint for damages is barred under the rule of *Heck*.

Moreover, Palmer has failed to allege how Governor Hogan, the only named defendant, personally participated in violating his rights under the law. Under § 1983, individual liability must be based on personal conduct. *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegal,* 118 F.3d 1416, 1423 (10th Cir. 1997). Further, in the absence of subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

To the extent that Palmer intends to hold Hogan liable under a theory of *respondeat superior*, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable

risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'";[2] and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted). Palmer provides no grounds for supervisory liability.

For the aforementioned reasons, Palmer's motion for leave to proceed in forma pauperis is granted. The complaint shall, however, be dismissed without prejudice.


Date: August 3, 2015                           _____/s/_____
                                                James K. Bredar
                                                United States District Judge

---

[2] Further, in establishing "deliberate indifference" under this second prong, a plaintiff "[o]rdinarily…cannot satisfy his burden of proof by pointing to a single incident or isolated incidents ... for a supervisor cannot be expected ... to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Slakan v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference, however, may be satisfied by showing "[a] supervisor's continued inaction in the face of documented widespread abuses." *Id.*